THE GENESEE COUNTY BANK, Respondent, v. THE BANK OF BATAVIA and HENRY F. TARBOX, Assignee, ETC., Appellants, Impleaded with Others.

*Assignment by partners for the benefit of creditors, covering both firm and individual property — right of a creditor, setting up one judgment recovered against one partner and others recovered against the firm, to bring an action to vacate the assignment — right of the creditor bringing the action to make a preferred creditor, who has received money under the assignment, a party defendant.*

This action was brought to set aside as fraudulent a general assignment for the benefit of creditors, made by the defendants, James H. Jones and Evelyn F. House, individually, and as comprising the firm of Jones & House. The complaint alleged the recovery of a judgment against the defendant Jones, and the recovery of two judgments against the firm, and the docketing of the judgments, and the return unsatisfied of executions issued thereon; that by reason of preferences contained in the assignment, the plaintiff could not collect his judgments, and various acts, facts and particulars, extrinsic to the assignment, were also alleged as showing a fraudulent intent.

*Held*, that a demurrer interposed to the complaint, upon the ground that a cause of action against Jones individually, and a cause of action against him and House as partners, could not be joined in the complaint, was properly overruled.

The bank of Batavia was preferred by the assignment to the extent of $18,300. The complaint alleged that the sum of $10,000. or thereabouts, was paid and delivered by the assignee to the said bank pursuant to such preference, and that the moneys so paid were retained and kept by the said bank under the claim and pretense that the assignment was valid, and that the said bank and the said

assignee, who is and was its president and attorney, fraudulently conspired with said assignors to procure said assignment to be made in the manner and form aforesaid, knowing the same to be fraudulent in the particulars and for the reasons stated therein, and with intent to procure an unjust preference, and asked for a judgment that the bank be adjudged to account for and deliver and pay over to the plaintiff, or to a receiver, the moneys and property it had received.

*Held,* that it was proper to make the bank a party defendant, and that a demurrer interposed by it, upon the ground that the complaint did not state facts sufficient to constitute a cause of action against it, was properly overruled.

APPEAL from an interlocutory judgment in favor of the plaintiff, entered in Genesee county upon an order overruling a demurrer interposed to the complaint.

The action was brought to set aside an assignment made by defendants, Jame H. Jones and Evelyn F. House, individually, and as composing the firm of Jones & House, of their individual and firm property, to the defendant Henry F. Tarbox, for the purpose of paying their individual and joint debts. The complaint avers the recovery of a judgment by the plaintiff, in the Supreme Court, against the defendant James H. Jones, its docketing and the issuing of an execution thereon to the proper county, and its return wholly unsatisfied. It also avers the recovery of two judgments in the Supreme Court, by the plaintiff, against the firm of Jones & House, their docketing, the issuing of executions thereon to the proper county, and the return of such executions wholly unsatisfied. It also avers that, after contracting the debts on which said judgments were recovered, the said James H. Jones and Evelyn F. House made a general assignment of all their partnership and individual property in trust for the payment of their firm creditors, and for the payment of their individual debts, which assignment was recorded September 28, 1883; that Tarbox has accepted the trust and taken possession of the assigned property; that by reason of preferences in the assignment, the plaintiff cannot receive anything thereunder, or collect its said judgments; that the assignment was made with the intent to hinder, delay and defraud the creditors of the firm and the creditors of the individual members of the firm. Various acts, facts and particulars extrinsic to the assignment are alleged as showing fraudulent intent. Other allegations in the complaint are stated in the opinion.

The defendant Tarbox demurred to the complaint, assigning for cause that it appears upon the face thereof that causes of action are improperly joined, viz.: A cause of action against defendant James H. Jones, individually, and a cause of action against him and Evelyn F. House, jointly, as copartners, which causes of action arise out of and relate to distinct and independent transactions, and each of them does not affect all the parties to the action. The Bank of Batavia assigns the same cause of demurrer, and also that the complaint does not state facts sufficient to constitute a cause of action.

*H. F. Tarbox*, for the appellants.

*N. A. Woodward*, for the respondent.

ANGLE, J.:

The assignment is of the individual property of each member of the firm, and gives a preference to the individual creditors of each out of his individual property. It also assigns the partnership property, preferring the partnership creditors as to that. In our opinion, an action may be brought to set aside such an assignment for the reasons assigned in the complaint, by either an individual or partnership judgment creditor, and that the plaintiff, being a judgment creditor of one member of the firm, individually, and also of the firm. is properly seeking by this action a remedy for the collection of both classes of judgment. (Wait on Fraudulent Conveyances and Creditors' Bills, § 108, and notes; *Bradner v. Holland*, 33 Hun, 290.)

Although no case *precisely* like the present is found, yet these authorities and the cases cited in them contain principles decisive of the present. This conclusion disposes of the demurrer of the assignee, and the first cause of demurrer assigned by the Bank of Batavia.

The second cause of demurrer by the Bank of Batavia is, that the complaint does not state facts sufficient to constitute a cause of action against that bank. The Bank of Batavia is a preferred copartnership creditor for about $18,300, in the aggregate, and the complaint avers that, "the sum of $10,000 or thereabouts was paid and delivered by said defendant, Henry F. Tarbox, as assignee, to

said defendant the Bank of Batavia, pursuant to such preference expressed in said instrument of assignment, and that the said moneys so paid, are retained and kept by the said Bank of Batavia under the claim and pretense that said instrument of assignment is valid, and that it derives a right thereto under and by virtue thereof." The complaint also avers, " That the said Bank of Batavia and the said Henry F. Tarbox, who is and was its vice-president and attorney, fraudulently conspired with said assignors to procure said assignment to be made in the manner and form aforesaid, knowing the same to be fraudulent in the particulars and for the reasons stated and with intent to procure an unjust preference."

While. it is abundantly settled that in the ordinary creditors' action to set aside a fraudulent assignment, in trust, for the benefit of creditors, the *cestuis que trust* are not necessary parties, yet this is an exception to the general rule prevailing in equitable actions which requires that in suits relating to trust property the *cestuis que trust* as well as the trustee must be made parties. (Barb. on Parties, 529.) We are cited to no authorities holding that such *cestuis que trust* are not *proper* parties if the plaintiff sees fit to bring them in, nor is it necessary for us to express any opinion on that question.

In view of the above quoted allegations in the complaint affecting the Bank of Batavia, and the prayer in the complaint for judgment, " That the defendant, the Bank of Batavia, be adjudged to account for and deliver and pay over to the plaintiff, or to such receiver, the moneys and property it has received, or that have been paid over to it by said assignee, or under said assignment," we think there is no doubt about the propriety of that bank being made a defendant.

The interlocutory judgment appealed from is affirmed, with costs of appeal; with leave to withdraw the demurrer and to answer on payment of costs of demurrer and of this appeal.

HAIGHT, BRADLEY and CHILDS, JJ., concurred.

Interlocutory judgment affirmed with costs, with leave to the defendant to withdraw demurrer and answer within twenty days upon payment of costs of the demurrer and of this appeal.